Scammon
1s      54
109a  ¹602

THOMAS Y. BATES, appellant *v.* ERASTUS WHEELER, appellee.

*Appeal from Madison.*

A bill in equity to enforce the specific performance of a contract, must show a complete performance of all the stipulations on the part of the complainant, to entitle him to a decree.

He who seeks equity, must do equity.

J. SEMPLE and S. BREESE, for the appellant.

A. COWLES, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

THE appellant filed his bill in equity in the Court below, to compel a specific performance of a contract in writing, entered into between him and the defendant, by which the defendant covenanted to convey a good title to certain real estate lying in the military tract of this State. The complainant, in his bill, alleges, "that he has *paid* the whole consideration of said land, and that he has frequently demanded a deed of the defendant." The case does not require a specific enumeration of its progress and determination in the Court below; it is sufficient to say, for the purpose of its present consideration, that it was put at issue by a replication to the defendant's answer, testimony taken, and finally heard, on bill, answer, replication, exhibits, and evidence of several witnesses, whose testimony is embodied in the form of depositions. At the hearing, the Circuit Court dismissed the bill, and adjudged that the complainant should pay costs to the defendant. From this judgment the complainant appealed; and we are now to determine whether the Circuit Court erred in the rendition of its decree.

The enquiry on the merits and equity of the complainant's case, demands an examination into the allegation of his bill—whether the consideration money has been paid, or the terms and condition upon which the defendant had engaged to make the conveyance, have been complied with; for it will not be denied, that unless such is evidenced by the proof in the cause, or has been admitted by the defendant in his answer, the complainant has no right whatever to demand a specific performance of the contract. What, then, is the testimony? It appears that the consideration for the land in question, was a certain mare, and five dollars in a note on an individual, payable in plank. This animal and the note are to be delivered to defendant, and upon which the conveyance is to be made. The mare is delivered, but is again returned (but refused to be received by the complainant) on the alleged ground of a deceit—being said

to be defective. It is not proposed to enquire into the truth or reality of the alleged deceit; nor whether, indeed, it was practised, inasmuch as the proof incontestably shows—and it is indeed established also by one of the complainant's witnesses— that the note for five dollars was a part of the consideration; and that the complainant has failed to establish the delivery of the note in question, or the payment thereof, or an offer so to do to the defendant. This was a precedent condition, the performance of which was essential, before the complainant could seek a compliance, on the part of the defendant, in the conveyance of the land. He who seeks equity, must do equity; and as the failure of the complainant to comply with the bargain, has been plainly established, the decree on the merits and equity of the case, seems very apparent.

The other point of jurisdiction, it is not necessary to examine, as if this Court should be of opinion that the bill could alone have been filed in the county in which the land lies, that would then produce no other beneficial result to the defendant, than now arises from a decision on the equity of the cause. The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*